STATE v. LOFTIS.

CRIMINAL LAW—REPEALING STATUTES—PUNISHMENT UNDER REPEALING STATUTES.—When a criminal statute is repealed by a subsequent act, which is not inconsistent with it, and in which the punishment prescribed for the same offense is either the same as, or less than, that prescribed in the repealed statute, a party committing the offense during the existence of the repealed statute, may be tried and convicted under the repealing statute.

Before GARY, J., Laurens, October, 1896.    Affirmed.

*Mr. W. H. Martin,* for appellant.

*Assistant Attorney General Townsend,* contra.

June 26, 1897.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    The "Case" contains the following statement of facts: "At the October term, 1896, of the Court of General Sessions for Laurens County, the defendant, J. W. Loftis, was convicted, before Judge Ernest Gary, for violation of the dispensary law, on the 20th day of December, 1895, and was sentenced to pay a fine of $100, or be imprisoned for the period of three months.    Upon the call of the case for trial, and before a jury was empanelled, the defendant, through his counsel, demurred to the indictment, and moved to quash the same upon the grounds that the act of 1894 was superseded and repealed by the act of 1896, and that defendant could not be convicted upon an indictment charging an offense committed previous to the approval of the act of 1896 and sentenced under the last act.    The presiding Judge held that both acts were of force, and that defendant could be convicted and sentenced under either act."

The only question raised by the exception is, whether his Honor was in error in overruling the demurrer to the indictment, and refusing to quash the same, upon the grounds that the act of 1894 was superseded and repealed by the act of 1896, and that defendant could not be convicted upon an indictment charging an offense committed previous to the approval of the act of 1896.

The "Case" does not show under what section of the dispensary act the appellant was indicted, nor whether the punishment prescribed by the act of 1896 for violation of the section of the dispensary act under which the appellant was indicted was in any manner changed, so that the Court is unable to ascertain whether it is different in kind or greater or less in degree.    The act of 1896 provides that

all acts or parts of acts inconsistent with it are repealed. If the section of the dispensary act of force when the appellant is alleged to have violated its provisions was not inconsistent with the act of 1896, and if the punishment was either the same under the acts of 1894 and 1896 or diminished by the act of 1896, his Honor was correct in his ruling. *State* v. *Cooler*, 30 S. C., 105, and authorities therein cited. In the absence of any facts in the "Case" showing why these principles are not applicable to the present case, this Court cannot say that the Circuit Judge was in error in overruling the demurrer and refusing to quash the indictment.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.